**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT**

_____

In re:

    Richard H. Friedberg,                      Chapter **11**
       **Debtor.**                                  Case No. **08-51245 (AHWS)**

_____

*Appearances*:

| | |
|---|---|
| Maximino Medina, Jr., Esq. | : Attorney for Marianne Howatson |
| Zeldes, Needle & Cooper, P.C. | : |
| P.O. Box 1740, 1000 Lafayette Blvd. | : |
| Bridgeport, CT | : |
| | |
| Peter L. Ressler, Esq. | : Attorney for Debtor |
| Groob Ressler & Mulqueen | : |
| 123 York St., Ste. 1B | : |
| New Haven, CT | : |
| | |
| George Cameron, Esq. | : Attorney for Debtor |
| Law Office of Ronald I. Chorches, LLC | : |
| 433 Silas Deane Highway, 2nd Fl. | : |
| Wethersfield, CT | : |
| | |
| Jeffrey Hellman, Esq. | : Attorney for |
| Zeisler & Zeisler, P.C. | : Georgia Capital, LLC |
| P.O. Box 3186, 558 Clinton Ave. | : |
| Bridgeport, CT | : |

**Memorandum and Order on
Motion for Relief from Stay**

Alan H. W. Shiff, United States Bankruptcy Judge.

      This chapter 11 bankruptcy case was filed during the pendency of a marital

dissolution action filed by Marianne Howatson in the Connecticut Superior Court. She

moves for relief from the automatic stay to return the state court to conclude her

requests for relief that were stayed by this bankruptcy. The debtor and creditors Georgia Capital, LLC and Stuart B. Ratner, LLC have objected.

## BACKGROUND

Marianne Howatson and the debtor married on June 7, 1980. In April 2006, Howatson commenced a marital dissolution action in Connecticut Superior Court and moved for entry of an order compelling the debtor to provide her support *pendente lite*. On December 3, 2007, the Superior Court granted the *pendente lite* motion and ordered the debtor to pay her $10,000 per month.

The trial on the marital dissolution action started on April 1, 2008, spanned over 17 days, and concluded on May 22, 2008. Shortly thereafter the debtor moved to re-open the evidence to provide new evidence regarding the value of certain assets. The motion was granted and additional evidence was added to the record on December 4 and December 9, 2008. On December 4, 2008, the Superior Court also responded to Howatson's claim that the debtor had failed to make *pendenti lite* support payments for the months of October and November, found the debtor in contempt, and issued the requested contempt order directing the debtor to appear in Superior Court on January 15, 2009 to provide evidence of compliance or suffer the consequences for non-compliance.

On December 18, 2008, the debtor commenced this chapter 11 bankruptcy case. On January 5, 2009, Howatson filed the instant motion for relief from the automatic stay ("Motion") requesting:

the entry of an order modifying or terminating the stay, to permit movant Marianne Howatson and the Connecticut Superior Court to - (1) proceed with the January 15, 2009 contempt hearing, (2) proceed to enforce the $10,000.00 *pendente lite* order, and (3) proceed to dissolve the marriage between the movant and Debtor and make an equitable distribution of the marital estate. Movant will not seek to execute on such judgment without further order of this Court.

Motion at 7; *see also* 11 U. S. C § 362(a) and (b).

### *DISCUSSION*

Howatson's Motion to permit the Connecticut Superior Court to proceed with specified activities, misconstrues this court's authority under title 11. Bankruptcy courts do not have supervisory or appellate authority over state courts.

As to Howatson's enumerated requests :

(1) **January 15, 2009 contempt hearing**.

It is apparent that the Superior Court's *pendente lite* order requiring the debtor to pay Howatson $10,000 per month was intended for her support and was therefore a domestic support obligation ("DSO"). *See* § 101(14A). That predicate warrants the conclusion that her intention to continue the prepetition contempt proceeding to enforce that DSO is not barred by the automatic stay. If the DSO would be paid from property that is not property of the bankruptcy estate, the automatic stay would not be implicated, *see* § 362(b)(2)(B).[1] That conclusion would not change even if the money

---

[1] Section 362(b)(2)(B) states that the stay does not apply to "the collection of a domestic support obligation from property that is not property of the estate."

would come from bankruptcy estate property.  See § 362(b)(2)(C).[2]

**(2)** *Pendente Lite*

Parenthetically it is noted that the automatic stay does not bar Howatson from seeking a dissolution of her marriage, *see, infra*, at 4-6.  The significance of a *pendente lite* order is therefore minimal.  Moreover, the stay does not prohibit Howatson from seeking the collection of a DSO during the pendency of her dissolution action or enforcing such an obligation if it is ordered by the Superior Court.  See § 362(b)(2)(B), (C).

**(3)  Proceed with the Dissolution Action; Equitable Distribution of Marital Estate.**

It is conceded by all parties that the automatic stay does not prevent Howatson from seeking a dissolution of her marriage to the debtor in the Superior Court.  See § 362(b)(2)(A)(iv).  Thus, the issues presented have been distilled to whether there is cause warranting the lifting of the stay to allow Howatson to proceed in Superior Court so that that court may make a final determination as to the equitable distribution of the marital estate which, because of the debtor's intervening bankruptcy, is now part of the bankruptcy estate.  See *Musso v. Ostashko*, 468 F.3d 99, 107 (2d Cir. 2006); *see also In re Levine*, 84 B.R. 22, 24 (Bankr. S.D.N.Y. 1988).

Howatson's request for relief is predicated on § 362(d)(1):

> (d)  On a request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating , annulling, modifiying, or conditioning such stay—

---

[2]  Section 362(b)(2)(B) states that the stay does not apply to "the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute."

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> * * *

"For cause" is not defined in the statute. Therefore, a court must assess the facts of each case to determine whether granting relief is appropriate under the circumstances. *See In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999) (citing *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990)). The movant has the initial burden of showing there is cause to grant relief from the automatic stay. *See id.* To assist courts, in *Sonnax* the Second Circuit "listed a number of factors . . . that may be relevant in deciding whether the stay should be lifted in order to permit litigation to continue in another forum." *Mazzeo*, 167 F.3d at 142-43. However, "[n]ot all of these factors will be relevant in every case." *Id.* at 143.

The overarching basis for cause here is that issues regarding domestic relations are best left to the state courts. *See Sonnax,* 907 F.2d at 1286 (identifying as cause "whether a specialized tribunal with the necessary expertise has been established to hear the cause of action"); *see also generally Ankenbrandt v. Richards*, 504 U.S. 689 (1992) (recognizing state courts' "special proficiency" regarding "divorce, alimony, and child custody decrees"); *see also, In re Edwards*, 172 B.R. 505, 523 (Bankr. D. Conn. 1994) (citing *Rose v. Rose*, 481 U.S. 619, 625 (1987), for proposition that federal courts "have consistently recognized that '[t]he whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States'") (further citation omitted); *see, e.g., In re Ladak*, 205 B.R. 709, 712 (Bankr. D. Vt. 1997) (noting the importance of bankruptcy and family courts to "avoid

incursions into the primary jurisdiction of the other"); *In re Cole*, 202 B.R. 356 (Bankr. S.D.N.Y. 1996); *In re Newman*, 196 B.R. 700, 703 (Bankr. S.D.N.Y. 1996) ("[B]ankruptcy courts will generally defer to state courts in the interest of judicial economy and restraint and out of respect for the state courts' expertise in domestic relations Issues.").

Creditor Georgia Capital argues that *Musso* supports its objection to the Motion. That reliance is unavailing. The issue in *Musso* was whether marital assets that had been awarded to a non-debtor wife by a state court were nevertheless part of a husband's bankruptcy estate if a chapter 7 petition is filed after the state court's decision but before the state court's judgment on that decision entered. The *Musso* court concluded that because a trustee had the status of a hypothetical perfected judgment lien creditor as of the date of the bankruptcy petition, the subject property was property of the bankruptcy estate. *See id.* at 107. That conclusion, however, does not eliminate cause for granting relief from the automatic stay. The *Musso* court considered the possibility that "the state court could ultimately establish an equitable distribution award in favor of a non-debtor wife after the debtor spouse has filed for bankruptcy . . . ." *Id.* at 108. That scenario is precisely the cause asserted in the instant Motion.

## CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that the automatic stay does not bar Howatson from proceeding in the Superior Court to conclude a pending contempt hearing, seek the enforcement of a *pendente lite* order,

and dissolve her marriage to the debtor, including any order for a domestic support obligation; and

IT IS FURTHER ORDERED that relief from the automatic stay is granted to permit Howatson to seek an equitable distribution of the marital estate, provided that Howatson does not seek an order for an execution or any other transfer of any property interest arising out of any equitable distribution in her favor.

Dated this 8th day of May 2009 at Bridgeport, Connecticut.

Alan H. W. Shiff
United States Bankruptcy Judge