**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

_____X
                                                                         :

In re:                                                        :

       Richard H. Friedberg,             :        Chapter 11
            Debtor.                    :        Case No. 08-51245 (AHWS)
                                                      :
_____X

*Appearances*:

| | | |
|---|---|---|
| Melissa Zelen Neier, Esq. | : | Ch. 11 Trustee |
| Carol J. Faherty, Esq. | : | Attorney for Ch. 11 Trustee |
| Ivey Barnum & O'Mara, LLC | : | |
| 170 Mason St., P.O. Box 1689 | : | |
| Greenwich, CT | : | |
| | | |
| Marjorie R. Gruszkiewicz, Esq. | : | Attorney for Debtor |
| Law Offices of Ronald I. Chorches | : | |
| 449 Silas Deane Hwy, 2nd Fl. | : | |
| Wethersfield, CT | : | |
| | | |
| Thomas R. Langan, Esq. | : | Attorney for Creditors |
| Dempsey & Langan | : | Giannina Pradella and |
| 1200 Brown St., Ste. 202 | : | Milan Olich |
| Peekskill, NY 10566 | : | |
| | | |
| Carol A. Felicetta, Esq. | : | Attorney for Creditors |
| Reid and Riege, P.C. | : | Giannina Pradella and |
| One Financial Plz. | : | Milan Olich |
| 755 Main St., 21st Fl. | : | |
| Hartford, CT | : | |
| | | |
| Maximino Medina, Jr., Esq. | : | Attorney for Creditor |
| Zeldes, Needle & Cooper, P.C. | : | Marianne Howatson |
| P.O. Box 1740, 1000 Lafayette Blvd. | : | |
| Bridgeport, CT | : | |
| | | |
| Ann M. Nevins, Esq. | : | Attorney for Creditor |
| United States Attorney's Office | : | Internal Revenue Service |
| 1000 Lafayette Blvd. | : | |
| Bridgeport, CT | : | |

## MEMORANDUM OF DECISION AND ORDER ON
## TRUSTEE'S OBJECTION TO THE PROOF OF CLAIM OF
## PRADELLA AND OLICH

### Introduction

The Chapter 11 trustee objects to a proof of claim filed by Giannina Pradella and Milan Olich (collectively, "P&O").  For the reasons that follow, the trustee's objection is sustained.

### Background[1]

On December 18, 2008, the debtor filed for bankruptcy relief under Chapter 11 of the Bankruptcy Code.  According to his Schedules, he claimed controlling interests in various entities, including Monteverde LLC ("Monteverde") and North South Development LLC ("North South").  (*See* ECF No. 86; *see also* Trial Tr. 27:17-20.)  Monteverde was established to hold real property in Cortlandt Manor, New York.  North South is an LLC through which the debtor held real property in South Carolina ( the "South Carolina Property").  (*See id.*)  While the debtor caused some of his entities to file bankruptcy petitions,[2] neither Monteverde nor North South sought bankruptcy protection.

On June 26, 2009, P&O filed a notice of appearance.  On July 23, 2009, they filed the subject proof of claim.  (*See* ECF Claim 9-1; *see also* P&O's Trial Exh. 1.)

---

[1] The court relies on the stipulation of facts agreed to at the November 9, 2011 trial.  (*See* Trial Tr. 24-46 (Nov. 9, 2011) (ECF No. 1019) (cited hereafter as "Trial Tr.___").)

[2] Related entities controlled by the debtor and which sought bankruptcy protection are:

    (a) 115 Allen Ground, LLC, Case No.: 09-51457;
    (b) Allen & Delancey, LLC, Case No.: 09-51514; and
    (c) Monteverde Restaurant, LLC, Case No.: 09-51514.

These cases were jointly administered with this case.  The 115 Allen Ground, LLC, and Allen & Delancey, LLC, cases are now closed.

P&O's alleged claim arises from a 2005 transaction in which they "sold certain property located at 28 Bear Mountain Bridge Road in Cortlandt Manor, New York [(hereafter, "Cortlandt Manor Property")], to an entity called Monteverde LLC." (Trial Tr. 27:11-14.) "[A]s consideration for the sale, in addition to a cash deposit in excess of $2 million, [P&O] received a five-million-dollar note from Monteverde and North South Development." which was secured by the South Carolina Property, but not by the Cortlandt Manor Property. (*Id.*, 27:24-28:24.) The mortgage included a provision that stated:

> **AND IT IS FURTHER AGREED THAT NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED IN THIS MORTGAGE OR IN THE NOTE**, Mortgagee [*i.e.*, P&O] shall satisfy any judgment obtained by it against Monteverde LLC or Mortgagor [*i.e.*, North South] for any amounts due under and in accordance with the terms and conditions of the Note by the exercise of the rights of Mortgagee under this Mortgage to foreclose on the Mortgage Premises as herein provided *and not otherwise. No other property or assets of Mortgagor or Monteverde LLC or any member, partner, officer, director or shareholder of Mortgagor or Monteverde LLC shall be subject to levy, execution or other enforcement procedures for the satisfaction of any payments required under the Note*. Mortgagee shall not bring any action to obtain a judgment against Mortgagor or Monteverde LLC or any member, partner, officer, director or shareholder of mortgagor or Monteverde LLC or any member, officer, director or shareholder of any of them for any amounts becoming due and owing under the Note except as part of a judicial proceeding to foreclose under and in accordance with this mortgage.

(P&O's Trial Exh. 3; *see also* ECF No. 854-2 at 29-30 (bold in original; italics added).) The corresponding promissory note stated, *inter alia*, "that all of the covenants, conditions, and agreements contained in said mortgage are hereby made part of this instrument." (P&O's Trial Exh. 2; *see also* ECF No. 854-2 at 22.) Neither the mortgage nor promissory note were guaranteed by the debtor. (*See* Trial Exhs. 2 & 3.)

On a quarterly basis, from May 2005 through May 15, 2008, P&O received interest on the promissory note at the contractual interest rate of five percent per annum. Thereafter, when no further interest was received, P&O issued notices of default against Monteverde and North South. When the default was not cured, P&O commenced a foreclosure action on February 2, 2009, in a South Carolina state court

against Monteverde, North South, and Georgia Capital, a junior mortgage holder.

On May 27, 2009, the South Carolina court stayed the foreclosure action on the basis that it could not proceed without adversely and impermissibly affecting the debtor's bankruptcy estates.[3] (*See* ECF No. 854-2 at 20-21.) On July 30, 2009, P&O were granted relief from stay by this court to proceed with their South Carolina foreclosure action (hereafter, the "Stay Relief Order"). (*See* ECF No. 194.) The Stay Relief Order concluded: "No deficiency judgment shall be enforced without the further order of this court." (*Id.*) Thereafter, the foreclosure action went to judgment, and the South Carolina Property was sold for approximately $3.1 million.

On December 31, 2010, a deficiency judgment of $1.9 million entered against Monteverde and North South in the South Carolina court (hereafter, "Deficiency Judgment"). On January 31, 2011, the Deficiency Judgment was recorded in the Westchester County, New York land records as a lien against the Cortlandt Manor Property.

The trustee objects to P&O's proof of claim on the basis of the non-recourse language contained in the mortgage and promissory note, as well as the express language of the Stay Relief Order.

## Discussion

"A claim . . . , proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a); *see also* Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.").

> [T]he burden of persuasion under the bankruptcy claims procedure always lies with the claimant, who must comply with Fed. R. Bankr. P. 3001 by alleging facts in the proof of claim that are sufficient to support the claim. If the claimant satisfies these requirements, the burden of going forward with the evidence then shifts to the objecting party to

---

[3] That conclusion is not correct. *See, infra*, at 6.

> produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *See Lundell v. Anchor Cosnt. Specialist, Inc. (In re Lundell)*, 223 F.3d 1035, 1041 (9th Cir. 2000); *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A..P. 2000). . . . If the objecting party meets these evidentiary requirements, then the burden of going forward with the evidence shifts back to the claimant to sustain its ultimate burden of persuasion to establish the validity and amount of the claim by a preponderance of the evidence. *See In re Consumers Realty & Dev'l Co.*, 238 B.R. 418 (8th Cir. B.A.P. 1999); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).

*In re Driscoll*, 379 B.R. 415, 420 (Bankr. D. Conn. 2008) (block quoting *In re Jorczak*, 314 B.R. 474, 481 (Bankr. D. Conn) (further quoting *In re Rally Partners, L.P.*, 306 B.R. 165, 168-69 (Bankr. E.D. Tex. 2003) (footnote omitted)); *see also In re Central Rubber Products, Inc.*, 31 B.R. 865, 867 (Bankr. D. Conn. 1983) (instructing that the "ultimate burden of persuasion . . . is upon the creditor").

The trustee objects to P&O's proof of claim, arguing that they do not have a claim against the debtor. (*See* Trial Tr. 43:4-45:3; *see also* Trial Exhs. 2 & 3.) The objection is persuasive. The plain language of the mortgage states that the promissory note was secured solely by the South Carolina Property, which is not property of the debtor's estate. As noted, the text of the promissory note repeats that limitation. This evidence is "at least equal in probative force to that offered" by P&O's claim. *In re Driscoll*, 379 B.R. at 420. Therefore, the burden shifts back to P&O "to establish the validity and amount of the claim by a preponderance of the evidence." *Id.*

P&O have not met their burden. Indeed, they did not produce any evidence that the debtor was a maker, co-signer, guarantor, or otherwise an obligor, of the promissory note or the mortgagor in his individual capacity. Thus, P&O were not, and are not, creditors of the debtor.

**Conclusion**

Accordingly, finding P&O have failed to meet their burden of persuasion, IT IS ORDERED that the Trustee's objection is sustained.

Dated this 21st day of March 2012 in Bridgeport, Connecticut.

By the court

*Alan H. W. Shiff*
Alan H. W. Shiff
United States Bankruptcy Judge