```
                        United States Bankruptcy Court
                           District of Connecticut

In re:                                                   Case No. 08-51245-ahws
Richard H Friedberg                                      Chapter 7
Allen & Delancey, LLC
      Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0205-5          User: swaterbur           Page 1 of 2         Date Rcvd: Nov 21, 2013
                              Form ID: pdfdoc2          Total Noticed: 4
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 23, 2013.
```
db           +Richard H Friedberg,    P.O. Box 643927,    Vero Beach, FL 32964-3927
intp         +Melissa Zelen Neier,    Ivey, Barnum and O'Mara,    170 Mason Street,   P O Box 1689,
               Greenwich, CT 06836-1689
intp         +Roberta Napolitano, Trustee,    Weinstein, Weiner, Ignal, Napolitano etc,   P.O. Box 9177,
               Bridgeport, CT 06601-9177
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
aty          +E-mail/Text: ustpregion02.nh.ecf@usdoj.gov Nov 21 2013 18:16:21     Steven E. Mackey,
               Office of the U.S. Trustee,   The Giaimo Federal Building,   150 Court Street, Room 302,
               New Haven, CT 06510-2022
                                                                                             TOTAL: 1

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
tr*          +Melissa Zelen Neier,    Ivey, Barnum and O'Mara,    170 Mason Street,   P O Box 1689,
               Greenwich, CT 06836-1689
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 23, 2013                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 21, 2013 at the address(es) listed below:
```
              Ann M. Nevins    on behalf of Interested Party    United States Department of Treasury, Internal
               Revenue Service ann.nevins@usdoj.gov
              Ann M. Nevins    on behalf of Creditor    United States, on behalf of the Federal Bureau of
               Investigation ann.nevins@usdoj.gov
              Austin   Kim    on behalf of Interested Party Frank   Ryan adk@msf-law.com
              Austin   Kim    on behalf of Interested Party Catherine   Ryan adk@msf-law.com
              Barbara H. Katz, Trustee for the Estate of Spring Street Recycling, LLC 10-31723
               barbarakatz@snet.net
              Benjamin T. Staskiewicz    on behalf of Creditor    Whitworth & Associates, Inc.
               bankruptcy@huntleibert.com
              Charles J. Filardi, Jr.    on behalf of Creditor    115 Allen Street Development, LLC
               charles@filardi-law.com
              David S. Poppick    on behalf of Creditor    Epstein Becker & Green, PC dpoppick@ebglaw.com
              Edward S. Noble, III    on behalf of Debtor Richard H Friedberg e.noble@chorcheslaw.com
              George M. Cameron    on behalf of Debtor Richard H Friedberg george.cameron@ymail.com
              George M. Cameron    on behalf of Debtor    115 Allen Ground, LLC george.cameron@ymail.com
              James G. Verrillo    on behalf of Plaintiff Marianne   Howatson jverrillo@znclaw.com
              James G. Verrillo    on behalf of Creditor Marianne   Howatson jverrillo@znclaw.com
              James J. Tancredi    on behalf of Plaintiff    Chicago Title Insurance Company
               jjtancredi@daypitney.com
              James J. Tancredi    on behalf of Creditor    Chicago Title Insurance Company
               jjtancredi@daypitney.com
              Jeffrey Hellman    on behalf of Creditor    Georgia Capital, LLC jeff@jeffhellmanlaw.com,
               jeffreyhellman@mac.com
              Kenneth M. Rozich    on behalf of Creditor    A.I. Credit Companies, Inc.
               krozich@jacobsandrozich.com
              Kenneth M. Rozich    on behalf of Creditor    AICCO, Inc. krozich@jacobsandrozich.com
              Kim L. McCabe    on behalf of U.S. Trustee    U. S. Trustee kim.mccabe@usdoj.gov
              Louis J. Testa    on behalf of Interested Party    New York State Department of Taxation and
               Finance louis.testa@ag.ny.gov
              Maximino  Medina, Jr.    on behalf of Creditor Marianne   Howatson mmedina@znclaw.com
              Maximino  Medina, Jr.    on behalf of Plaintiff Marianne   Howatson mmedina@znclaw.com
              Melissa Zelen Neier    on behalf of Trustee Melissa Zelen Neier mneier@ibolaw.com
              Melissa Zelen Neier    on behalf of Interested Party Melissa Zelen Neier mneier@ibolaw.com
```

```
District/off: 0205-5           User: swaterbur              Page 2 of 2                  Date Rcvd: Nov 21, 2013
                               Form ID: pdfdoc2             Total Noticed: 4
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

```
          Melissa Zelen Neier    on behalf of Trustee's Attorney    Ivey, Barnum & O'Mara, LLC
           mneier@ibolaw.com
          Melissa Zelen Neier    on behalf of Plaintiff Melissa Zelen Neier mneier@ibolaw.com
          Melissa Zelen Neier    on behalf of Accountant    BlumShapiro & Co., P.C. mneier@ibolaw.com
          Melissa Zelen Neier    on behalf of Consultant    Hilco Real Estate, LLC mneier@ibolaw.com
          Paulo M. Louro    on behalf of Creditor    AICCO, Inc. paulo@jacobsandrozich.com
          Peter L. Ressler    on behalf of Debtor    Allen & Delancey, LLC ressmul@yahoo.com
          Peter L. Ressler    on behalf of Debtor    Monteverde Restaurant, LLC ressmul@yahoo.com
          Peter L. Ressler    on behalf of Debtor    115 Allen Ground, LLC ressmul@yahoo.com
          Peter L. Ressler    on behalf of Creditor    Monteverde Restaurant, LLC ressmul@yahoo.com
          Peter L. Ressler    on behalf of Debtor Richard H Friedberg ressmul@yahoo.com
          Roberta  Napolitano    on behalf of Interested Party Roberta  Napolitano, Trustee
           rnapolitano@wwinslaw.com,  msmith@wwinslaw.com
          Ronald   Chorches    on behalf of Debtor Richard H Friedberg ronchorcheslaw@sbcglobal.net
          Ronald   Chorches    on behalf of Debtor's Attorney Ronald I. Chorches ronchorcheslaw@sbcglobal.net
          Scott M. Charmoy    on behalf of Creditor    Stuart B. Ratner, PC scottcharmoy@charmoy.com
          Scott M. Charmoy    on behalf of Creditor Stuart B. Ratner scottcharmoy@charmoy.com
          Stephen P Brown, Esq    on behalf of Interested Party    Danielle Services, Inc.
           stephen.brown@wilsonelser.com
          Stuart B. Ratner    on behalf of Creditor Stuart B. Ratner stuart@ratnerlawfirm.com
          Stuart B. Ratner    on behalf of Creditor    Stuart B. Ratner, PC stuart@ratnerlawfirm.com
          Stuart B. Ratner    on behalf of Debtor    115 Allen Ground, LLC SBRatner@hotmail.com
          Thomas J. O'Neill    on behalf of Creditor    Chicago Title Insurance Company tjoneill@daypitney.com
          Thomas J. O'Neill    on behalf of Plaintiff    Chicago Title Insurance Company
           tjoneill@daypitney.com
          Thomas R Langan    on behalf of Creditor Milan  Olich TLangan@dempseyandlangan.com
          Thomas R Langan    on behalf of Creditor Giannina  Pradella TLangan@dempseyandlangan.com
          U. S. Trustee    USTPRegion02.NH.ECF@USDOJ.GOV
          Vincent M. Marino    on behalf of Interested Party Frank  Ryan vmarino@cohenandwolf.com
          Vincent M. Marino    on behalf of Interested Party Catherine  Ryan vmarino@cohenandwolf.com
          William A DuPre, IV    on behalf of Creditor    Georgia Capital, LLC bdupre@millermartin.com
                                                                                             TOTAL: 51
```

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

——————————————————————X
                                                                :
In re:                                                          :
     Richard H. Friedberg,                :    Ch. 7
        Debtor.                    :    Case No. 08-51245 (AHWS)
                                                                :
——————————————————————X

*Appearances*:

| | | |
|---|---|---|
| Melissa Zelen Neier, Esq. | : | Ch. 7 Trustee |
| Ivey Barnum & O'Mara, LLC | : | |
| 170 Mason St., P.O. Box 1689 | : | |
| Greenwich, CT | : | |
| | | |
| Peter L. Ressler, Esq. | : | For the Debtor |
| Groob Ressler & Mulqueen | : | |
| 123 York St., Ste. 1B | : | |
| New Haven, CT | : | |
| | | |
| Maximino Medina, Jr., Esq. | : | For Creditor |
| Zeldes, Needle & Cooper, P.C. | : | Marianne Howatson |
| P.O. Box 1740, 1000 Lafayette Blvd. | : | |
| Bridgeport, CT | : | |
| | | |
| Ann M. Nevins, Esq., AUSA | : | For Creditor |
| United States Attorney's Office | : | Internal Revenue Service |
| 1000 Lafayette Blvd. | : | |
| Bridgeport, CT | : | |
| | | |
| Louis Testa, Esq., Asst. A.G. | : | For Creditor |
| Office of the N.Y.S. Attorney General | : | N.Y.S. Department of |
| Litigation Bureau, Bankruptcy Unit | : | Taxation & Finance |
| The Capitol | : | |
| Albany, NY | : | |
| | | |
| Jeffrey Hellman, Esq. | : | For Creditor |
| The Law Offices of Jeffrey Hellman, LLC | : | Georgia Capital, LLC |
| 195 Church St. | : | |
| New Haven, CT | : | |

| | |
|---|---|
| Roberta Napolitano, Esq.<br>P.O. Box 9177<br>350 Fairfield Ave.<br>Bridgeport, CT | Ch. 7 Trustee of<br>Bankruptcy Estate of<br>Monteverde Restaurant, LLC |
| Thomas R. Langan, Esq.<br>Dempsey & Langan<br>1200 Brown St., Ste. 202<br>Peekskill, NY 10566 | For Giannina Pradella and<br>Milan Olich |
| Thomas O'Neill, Esq.<br>Day Pitney LLP<br>One Canterbury Green<br>Stamford, CT | For Chicago Title Insurance Co. |
| Steven Mackey, Esq., Trial Attorney<br>Giaimo Federal Building<br>150 Court St., Rm. 302<br>New Haven, CT | For the U.S. Trustee, Region 2 |

**MEMORANDUM OF DECISION AND ORDER ON
TRUSTEE'S RULE 9019 MOTION**

*Introduction*

The chapter 7 trustee[1] has filed a motion under Bankruptcy Rule 9019, Fed. R. Bankr. P., for approval of a settlement of all claims against the debtor's bankruptcy estate. The debtor, and Giannina Pradella and Milan Olich ("P&O"), who are not creditors of the estate but claim to be creditors of Monteverde, LLC, one of the debtor's

---

[1] This case was filed by the debtor on December 18, 2008, under chapter 11 of the Bankruptcy Code. On April 30, 2010, Attorney Neier was appointed the chapter 11 trustee. On June 23, 2010, this case was converted to chapter 7. The debtor appealed the court's order converting his case. On September 6, 2011, the district court vacated this court's conversion order and remanded the matter back to this court. On April 26, 2013, an order entered again converting the debtor's case to one under chapter 7; that is a final order. Since April 26, 2012, Attorney Neier has served as the chapter 7 trustee in this case.

Page 2 of 16

wholly owned or controlled non-debtor entities, object. For the reasons that follow, the trustee's motion is granted.

## *Background*

The court provided a detailed background of this case in a prior decision. *See In re Friedberg*, Case No. 08-51245, 2012 WL 966940, slip op. (Bankr. D. Conn. Mar. 21, 2012) (hereafter, "*P&O Claim Denial*").[2] Familiarity with that decision is assumed; however, certain of the findings will be restated as context to the conclusion reached in this controversy.

On December 12, 2008, the debtor filed for bankruptcy relief under chapter 11. According to his schedules, he claimed controlling interests in various entities, including Monteverde, LLC ("Monteverde") and North South Development, LLC ("North South"). *See P&O Claim Denial*, 2012 WL 966940, at *1. Monteverde was established to hold real property in Cortlandt Manor, New York ("NY Property"). The debtor was the 100% member of Monteverde. (*See* Trial Tr. 27:17-20 (Nov. 9, 2011); ECF No. 1019.) North South was a limited liability company through which the debtor held real property in South Carolina ("SC Property"). (*See id.*) Neither Monteverde nor North South have sought bankruptcy protection. *See P&O Claim Denial*, 2012 WL 966940, at *1.

On July 23, 2009, P&O filed a proof of claim based on a 2005 real estate transaction in which they sold the NY Property to Monteverde. *See id.* As part of the consideration for the sale, P&O received a $5 million note from Monteverde and North South ("Note"), which was secured *solely* by a mortgage on the SC Property

---

[2] In the March 21, 2012 decision, the court concluded that P&O are not creditors of this estate.

("Mortgage"). *See id.* That restriction on recourse was specifically stated in the Mortgage and incorporated into the Note. The relevant language in the Mortgage stated:

> **AND IT IS FURTHER AGREED THAT NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED IN THIS MORTGAGE OR IN THE NOTE**, Mortgagee [P&O] shall satisfy any judgment obtained by it against Monteverde LLC or Mortgagor [*i.e.*, North South] for any amounts due under and in accordance with the terms and conditions of the Note by the exercise of the rights of Mortgagee under this Mortgage to foreclose on the Mortgage Premises as herein provided *and not otherwise. No other property or assets of Mortgagor or Monteverde LLC or any member, partner, officer, director or shareholder of Mortgagor or Monteverde LLC shall be subject to levy, execution or other enforcement procedures for the satisfaction of any payments required under the Note*. Mortgagee shall not bring any action to obtain a judgment against Mortgagor or Monteverde LLC or any member, partner, officer, director or shareholder of mortgagor or Monteverde LLC or any member, officer, director or shareholder of any of them for any amounts becoming due and owing under the Note except as part of a judicial proceeding to foreclose under and *in accordance with this mortgage.*

(ECF No. 854-2 at 29-30 (bold in original; italicized emphasis added).) The corresponding Note stated "that all of the covenants, conditions, and agreements contained in said mortgage are hereby made part of this instrument." (ECF No. 854-2 at 22.)

On or about January 30, 2009, after Monteverde and North South defaulted on the Note, P&O commenced a foreclosure action in South Carolina ("Foreclosure Action"). The text of the foreclosure complaint alleged a basis for a deficiency judgment

against both Monteverde and North South, but the relief sought was limited to a "right to a judgment against [North South] for any deficiency". (*Cf.,* Foreclosure Complaint at ¶9, p.3, *with* "Prayer for Relief" at ¶4, p.5; ECF No. 165-2.) It is noteworthy that the summons served with Foreclosure Complaint placed Monteverde and the other defendants on notice that if they failed to file a responsive pleading, P&O would seek a default judgment "for the *relief* demanded in the Complaint". (*See* Summons, Foreclosure Action, ECF No. 165-2 (Exh. A) (emphasis added).)

On April 13, 2009, Monteverde and North South filed an answer ("Foreclosure Answer"), which included affirmative defenses that P&O's recourse was limited to the SC Property and that Monteverde was not a party to the Mortgage and not subject to any deficiency action. (*See* Foreclosure Answer, Third Defense, and Fourth Defense, p. 4; ECF No. 1433-1 (Exh. A.).)

The South Carolina court stayed the Foreclosure Action over concerns that it might adversely affect this bankruptcy case. *See P&O Denial Decision* at *2. On June 26, 2009, P&O filed a motion for relief from the automatic stay. *See* 11 U.S.C. § 362(d). On July 30, 2009, this court entered an order ("Stay Relief Order"), which granted P&O limited relief from stay to proceed with the Foreclosure Action. *See id.* The Stay Relief Order concluded: "*No deficiency judgment shall be enforced without the further order of this court*." (ECF No. 194 (emphasis added).) Thus, although P&O were not prohibited from seeking and obtaining a deficiency judgment, they were barred from enforcing any such deficiency judgment without the further order of this court, which they neither sought nor received.

Page 5 of 16

Thereafter, a sale of the SC Property was ordered, and it was sold for approximately $3.1 million. *See id.* Because the sale proceeds did not satisfy the amount claimed, P&O continued the prosecution of their Foreclosure Action to obtain a deficiency judgment against Monteverde and North South.

On July 22, 2010, a deficiency judgment hearing was conducted. (*See* Trustee's Reply Brief at 3; ECF No. 1458.) Although, as noted, Monteverde and North South had filed an answer, neither defended P&O's Foreclosure Action. (*See* P&O's Reply to Trustee's Supplemental Brief at 7; ECF No. 1443; *see also* June 17, 2010 Order in Foreclosure Action (granting motion of counsel of North South and Monteverde to withdraw); ECF No. 1433-3 (Exh. C).) On December 31, 2010, a deficiency judgment of $1.9 million entered in the Foreclosure Action against Monteverde and North South ("Deficiency Judgment"). *See P&O Denial Decision* at *2.

On December 3, 2010, as the Foreclosure Action was pending, the trustee, as holder of the entire equity interest of the debtor in Monteverde, filed a motion to sell the NY Property free and clear of all interests with any interest to attach to the proceeds. *See* 11 U.S.C. § 363(f). (*See* Trustee's "Motion for an Order (i) Authorizing and Approving Bidding Procedures . . . (iii) Scheduling an Auction and Sale Hearing . . . and (v) Granting Related Relief . . ."; ECF No. 686.) P&O did not object. The court approved the bidding procedures (*see* ECF No. 698), the NY Property was sold at a January 19, 2011 auction for $2.3 million ("Sale Proceeds"), and the sale was approved on January 24, 2011 (*see* ECF No. 744). The Sale Order provided:

Page 6 of  16

> ORDERED, that this Court has jurisdiction to determine the
> validity, priority and extent of any liens, claims, and interest,
> if any, asserted to be due and owing from the proceeds of
> the sale and to enforce the terms of this Order. . . .

(Sale Order at p.2.) The sale closed on February 15, 2011.

On a parallel track and notwithstanding this court's Stay Relief Order, on January 31, 2011, P&O caused the Deficiency Judgment to be recorded as a lien against the NY Property on the Westchester County, New York land records ("Judgment Lien"). *See P&O Denial Decision* at *2. On March 11, 2011, P&O demanded the payment of the net Sale Proceeds in satisfaction of the Judgment Lien. (*See* ECF No. 854, Exh. G.) The trustee has refused that demand.

On May 3, 2013, the trustee filed the instant motion under Bankruptcy Rule 9019, Fed. R. Bankr. P., for approval of a compromise with holders of claims against the bankruptcy estate on the distribution of the net Sale Proceeds. ("9019 Motion"; ECF No. 1359.) The court conducted a hearing on July 16, 2013, which was continued to November 6, 2013. The debtor's former wife, Marianne Howatson, the Internal Revenue Service, the New York State Department of Taxation & Finance, Georgia Capital, the estate's largest unsecured creditor, and Chicago Title Insurance Company[3] supported the 9019 Motion. P&O and the debtor objected.

The record discloses that the debtor sometimes appears *pro se* and at other times is represented by one or another or both of his two attorneys. The debtor was not present at either of the 9019 Motion hearings, but rather, through counsel, sought

---

[3] Chicago Title Insurance Company initially objected to the 9019 Motion. That objection was withdrawn at the November 6th hearing.

Page 7 of 16

continuances.

On October 24, 2013, the debtor requested a 180-day continuance of the November 6th hearing on the 9019 Motion and all other matters scheduled in this case and in the adversary proceeding challenging his discharge, Adv. Pro. No. 11-05004. (*See* main case, ECF No. 1494; adv. pro., ECF No. 159.) The request, as in a long series of similar requests in this and numerous other scheduled matters,[4] was based on the claim that the debtor is now in Florida and cannot travel for various reasons including his health and his finances. The trustee, joined by a chorus of parties in attendance at the November 6th hearing, including the United States trustee, vehemently opposed the requested continuance. The court agreed that medical support proffered at the November 6th hearing, as well as its predecessors, was patently inadequate. The request for a continuance was denied, and the debtor's attorney stated that he was not authorized to participate in the hearing on the 9019 Motion.

It should be observed, and as this court has repeatedly informed the debtor (both in his *pro se* capacity and through counsel), that as a chapter 7 debtor, his only interest in this case lies in the possibilities of being paid the exemptions he claims and being granted a discharge as provided by the Bankruptcy Code. The 9019 Motion proposes

---

[4] *See, e.g.*, Debtor's *pro se* "Motion for Continuance for All Matters", filed September 27, 2013 (main case ECF No. 1465; adv. Pro. ECF No. 145) (asserting living in Florida, lack of funds to travel, lack of life insurance, refusal to fly "for fear of a possible life threatening accident and his demise leaving his two boys and partner without the ability to cope with financial needs", and failing health as bases for continuance; requesting a 180-day continuance to come to Connecticut to first take discovery and then "at a later date attend the hearing"); *see also, e.g.*, Debtor's *pro se* "Motion for Continuance of Hearing", filed July 1, 2013 (main case ECF No. 1413).

to pay the exemption claimed by the debtor, and the issue of his discharge is not effected by the 9019 Motion.  Given the aggregate amount of the allowed claims in this case, it is indisputable that there is no mathematical possibility that the debtor could receive a distribution from his bankruptcy estate.  His lack of standing to oppose the 9019 Motion is, therefore, apparent.  See *In re Heating Oil Partners*, No.: 3:08-cv-1976 (CSH), 2009 WL 5110838, *5, slip op. (D. Conn. Dec. 17, 2009), *aff'd*, 422 Fed. App'x 15, 2011 WL 1838720 (2d Cir. May 16, 2011).

### *Discussion*

Generally, court approval of a compromise under Rule 9019 requires the proponent to show that it is fair, equitable, and in the best interest of the estate.  See *In re MF Global, Inc.*, Case No. 11-2790 (MG), 2012 WL 3242533 (Bankr. S.D.N.Y. Aug. 10, 2012).  Here, that analysis must be deferred because P&O's objection challenges the trustee's right to distribute any funds from the Sale Proceeds.  Thus, the first question addressed is who has a right to the Sale Proceeds.

### I.

As noted, after P&O were awarded the Deficiency Judgment in the Foreclosure Action, they caused the corresponding Judgment Lien to be recorded on the Westchester County, New York land records against the NY Property.  So, when the trustee, as the sole equity holder of Monteverde, sold that property free and clear of interests, the Sale Proceeds were encumbered by P&O's Judgment Lien.

P&O argue that the Sale Proceeds cannot be distributed in accordance with the 9019 Motion because the entire amount of those proceeds are subject to that Judgment Lien.  The trustee argues, *inter alia*, that the enforcement of the Deficiency Judgment

against Monteverde's NY Property was specifically prohibited not only by the Mortgage and Note, but also by this court's Stay Relief Order. Therefore, the entire amount of the Sale Proceeds belong to the estate, P&O hold no valid claim against the estate, and her 9019 Motion should be granted over P&O's objection.

The parties agree that resolution of this controversy turns on the full faith and credit doctrine, codified by 28 U.S.C. § 1738. Simply put, if the Judgment Lien is entitled to enforcement under the full faith and credit doctrine, P&O's objection should be sustained, and conversely, if it is not , the trustee would have an unfettered right to the Sale Proceeds.

The Full Faith and Credit Act provides that state court judgments "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. That statute "directs a federal court to refer to the preclusion law of the State in which judgment was rendered." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); see also *Resolution Trust Corp. v. Roberti (In re Roberti)*, 183 B.R. 991, 999 (Bankr. D. Conn. 1995). Federal courts follow a two-step process when determining whether to give full faith and credit to a state court's judgment: (1) examine the law of the state in which the decision was rendered to determine whether that state's law would afford full faith and credit to the judgment in question; and, if so (2) decide whether a recognized exception exists which would deny full faith and credit to the state court judgment. See *Marrese*, 470 U.S. at 381.

Application of the first test commonly turns on whether a challenge to a state court judgment would be barred by collateral estoppel. "South Carolina courts have

Page 10 of 16

adopted the general rule of collateral estoppel set forth in the Restatement [(Second) of Judgments]." *Voss v. Pujdak (In re Pujdak)*, 462 B.R. 560, 571 (Bankr. D.S.C. 2011) (*citing S.C. Prop. & Cas. Ins. Guar. Ass'n v. Wal-Mart Stores, Inc.*, 304 S.C. 210, 213; 403 S.E.2d 625, 627 (1991) (citing Restatement (Second) of Judgments § 27 (1982)).

> Section 27 [of the Restatement] states: "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same of different claim."

*Id.* (*quoting State v. Bacote*, 331 S.C. 328, 330-31; 503 S.E.2d 161, 162 (1998) (emphasis added)); *see also Palm v. Gen. Painting Co.*, Inc., 302 S.C. 372, 374; 396 S.E.2d 361, 362 (1990).

Those elements need not be addressed, even assuming they were all satisfied, because the court concludes that had the South Carolina court been fully informed, as it should have been, that court would not have entered the Deficiency Judgment that could be recorded as the Judgement Lien. *See Crosby v. Prysmaian Commn's Cable & Systems USA, LLC*, 397 S.C. 101, 109 n.5; 723 S.E.2d 813 (S.C. Ct. App. 2012) (further citation omitted) ("even if all the elements for collateral estoppel are met, when unfairness or injustice results or public policy requires it, courts may refuse to apply it."); *see also Shelton v. Oscar Mayer Foods Corp.*, 325 S.C. 248, 252; 481 S.E.2d 706 (S.C. 1997).

As noted, *supra* at 4, the underlying Note and Mortgage barred recourse against the NY Property. The summons served with the Foreclosure Complaint specifically stated that in the event Monteverde (and the other defendants) failed to answer, P&O

Page 11 of 16

would seek a default judgment "for the *relief* demanded [*i.e.*, against North South, not Monteverde] in the Complaint." (*See* Summons, Foreclosure Action; ECF No. 165-2 (Exh. A) (emphasis added).) Moreover, enforcement of the Deficiency Judgment without this court's order was specifically prohibited by the Stay Relief Order.

In essence, the South Carolina court was deceived at the July 22, 2010 deficiency judgment hearing by P&O's counsel's failure to disclose the restrictions in the Mortgage and Note, and failure to disclose the restriction in the Stay Relief Order on P&O's rights to enforce any deficiency judgment. *See supra* at 4. This is particularly disturbing since, as noted, *supra* at 5, the South Carolina court had already expressed a concern about the effect of the Foreclosure Action on this bankruptcy case. It is, therefore, doubtful that the South Carolina court, with those disclosures, would have ignored those restrictions.[5]

Counsel for Marianne Howatson persuasively opposed P&O's objection at the July 16, 2003 hearing, arguing in part:

> [P&O are trying] to get this court to go back and basically rewrite the 2005 transaction and give [P&O] rights they never had. And just as this court can't do that, the South Carolina court could not do that.
> * * *
> [T]he pieces add up in the following way. We've got a 2005 deal [that] did not give [P&O] the rights they tried to

---

[5] *See also* South Carolina Rules of Prof. Conduct, Rule 3.3: Candor Toward the Tribunal ("(a) A Lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; . . ."). Under a lawyer's duty of candor, P&O's attorney should not have sought the Deficiency Judgment without first making a full disclosure about the restrictions on enforcement against Monevede. Counsel should have also disclosed that pursuant to P&O's Prayer for Relief, they sought a deficiency judgment against North South only.

> assert now.  We then have South Carolina foreclosure proceedings that are in absolute contravention of this court's [July 30, 2009 Stay Relief O]rder.
> We then have on top of that the recording of a lien in New York that builds on the violation of the court's [Stay Relief O]rder, ignores the absence of any language in the [N]ote or mortgage that would have permitted the liening of that asset . . . .
> * * *
> So, now eight years later [P&O] want you – they want this court to cut them a better deal than they cut for themselves.  That's not appropriate.  It's not doable.
> So they take this undoable scenario [o]n their part.  They combine it with an order from South Carolina, which deserves no full faith [and] credit here, because it's in contravention of your [Stay Relief O]rder and you jurisdiction here.  They combine it with this lien that they filed [*i.e.*, the Judgment Lien filed in N.Y] and then keep quiet about [it].
> They lie low instead of bringing this issue to a head, so that the matter could be resolved before an innocent buyer takes the deed, and now years later they want to say[, "T]hank you.  We'll take the money.["]

(Hr'g on Trustee's 9019 Motion, Tr. 31:6-9, 32:12-20, 34:5-17 (July 16, 2013); ECF No. 1441.)

The conclusion that a South Carolina court would not give the Deficiency Judgment preclusive effect also would be warranted if this court concludes that there is a recognized exception to the application of the full faith and credit doctrine.  *See Marrese*, 470 U.S. at 381.  That test is satisfied here because federal courts have an interest in protecting their jurisdiction and enforcing their orders.  *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 43-44 (1991); *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013); *Mitchell v. Lyons Prof'l Servs., Inc., et al.*, 708 F.3d 463, 467 (2d Cir. 2013).

The Judgment Lien would not be entitled to full faith and credit, *i.e.*, it would not be enforceable, if giving it that deference would clash with bankruptcy law and policy

Page 13 of 16

relating to property of the bankruptcy estate, *see* 28 U. S. C §§ 157(a), 1334(e)(1), and orders that specifically define relief from the automatic stay. Put another way, the Judgment Lien resulted from P&O concealing essential facts from the South Carolina court. Therefore, giving full faith and credit to that judgment would be tantamount to giving P&O license to defy this court's Stay Relief Order that prohibited them from enforcing any deficiency judgment against the NY Property without first seeking and obtaining an order from this court authorizing that recourse. Coming to this court of equity to oppose the 9019 Motion on the basis of the Judgment Lien they have because they violated this court's order is highly offensive to the bankruptcy process and this court.

## II.

Bankruptcy Rule 9019(a) provides in relevant part: "Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). "A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interest of the estate before it may approve a settlement." *In re MF Global, Inc.*, Case No. 11-2790 (MG), 2012 WL 3242533 (Bankr. S.D.N.Y. Aug. 10, 2012); *see also Topwater Exclusive Fund III, LLC v. SageCrest II, LLC (In re SageCrest II, LLC)*, Nos. 3:10-cv-978 (SRU), 3:10-cv-979 (SRU), 2011 WL 134893, at *8-9 (D. Conn. Jan. 14, 2011).

As this court has previously stated:

> "'[I]t is not necessary for the bankruptcy court to conduct a 'mini trial' on the issue.'" [*In re NW Investors II, LLC*, 06–CV–5078 (ADS), 2007 WL 2228151, *4 (E.D.N.Y.2007)] (*quoting In re WorldCom*, 347 B.R. [123,] 137 [(Bankr. S.D.N.Y. 2006)]) (further citation omitted). Rather, the

Page 14 of 16

> Circuit Court has repeatedly instructed that a bankruptcy court "is not to decide the numerous questions of law and fact raised by [objectors] but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range to reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.1983) [(further citations omitted)].
>
> In that vein and of note, one district court in this circuit held that a bankruptcy court is not required to take evidence when deciding whether to approve a settlement. Rather, the court is required to make an informed and independent judgment regarding the appropriateness of the settlement after independently examining the identified *Iridium* factors. *See NW Investors*, 2007 WL 2228151, *6 (E.D.N.Y.2007); *see also In re WorldCom, Inc.*, 347 B.R. at 137. And, while a court "may consider a creditor's objection to the proposed compromise, the objection is not controlling, and will not bar approval when a review of the settlement shows it does not 'fall below the lowest point in the range of reasonableness.'" *In re Drexel Burnham*, 134 B.R. at 506 (quoting *In re W.T. Grant Co.*, 699 F.2d at 608) (further internal citations omitted). Finally, "[a] decision to either accept or reject a compromise and settlement is within the sound discretion of the Court . . . ." *Id.* (citation omitted).

*In re SageCrest II, LLC*, Case No. 08-50754, 2010 WL 1981041, *4-5 (Bankr. D. Conn. May 18, 2010), *aff'd, Topwater*, 2011 WL 134893 (D. Conn. 2011); *see also Nisselson v. Carroll (In re Altman)*, 302 B.R. 424, 425-26 (Bankr. D. Conn. 2003) ("[C]ourts need not conduct an independent investigation in formulating an opinion as to the reasonableness of a settlement; rather, they may give weight to the trustee's informed judgment that a compromise is fair and equitable and to the competency and experience of counsel who support the settlement.").

P&O and the debtor are the only parties who object to the 9019 Motion. Both of those objections have been considered and overruled by the conclusions stated above. There are no other objections to the 9019 Motion.

Page 15 of  16

Having reviewed the relevant parts of the record and considered the arguments of counsel and the memoranda they filed, the court concludes that the proposed compromise does not "fall below the lowest point in the range to reasonableness," *In re W.T. Grant Co.*, 699 F.2d at 608, and it is fair, equitable, and in the best interest of the estate. Of particular significance is the support for the motion by the debtor's former spouse, the taxing authorities, and the general consensus that, but for this compromise, there would be no distribution to holders of allowed unsecured claims.

### *Conclusion*

Accordingly, IT IS ORDERED that the trustee's 9019 Motion is granted.

IT IS FURTHER ORDERED that the trustee may make the distributions proposed in her amended "Exhibit A to Rule 9019 Stipulation" (ECF No. 1527), except that any distribution from the $3,361.35 "Litigation Reserve" may not be made except upon approval of a further application to the court.

Dated this 21st day of November, 2013 in Bridgeport, Connecticut.

BY:         /s/ Alan H. S. Shiff

Alan H. S. Shiff
United States Bankruptcy Judge